# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

**PHYLINDER JONES**                                                          **PLAINTIFF**

**V.**                                                               **NO. 1:16CV00231-JMV**

**COMMISSIONER OF SOCIAL SECURITY**                        **DEFENDANT**

## FINAL JUDGMENT

This cause is before the court on Plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration denying claims for a period of disability and disability insurance benefits and supplemental security income. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The court, having reviewed the administrative record, the briefs of the parties, and the applicable law, and having heard oral argument, finds as follows:

Consistent with the court's ruling from the bench during a hearing held November 21, 2017, the court finds the ALJ's residual functional capacity ("RFC") determination and, consequently, the finding of not disabled are not supported by substantial evidence in the record.

Specifically, the ALJ failed to properly consider the claimant's treating physician's RFC assessment. The ALJ rejected many of Dr. John Hollister's RFC opinions, based apparently only upon the ALJ's own opinion that the claimant could perform the full range of medium work–as there was no other physician assessment of RFC in the record. Notably, Dr. Hollister opined the claimant was capable of (in the course of a workday) no more than sitting

for four hours; standing/walking four hours; rarely stooping; rarely crouching; and rarely lifting fifty pounds. Dr. Hollister also opined the claimant would miss more than four days per month and diagnosed a somatoform disorder.

The ALJ noted only generally with respect to Dr. Hollister's stand/walk, sitting, and missing work limitations that they were "greatly disproportionate to the documentary record" and pointed to a December 2010 note wherein Dr. Hollister commented that there was usually a lack of objective physical findings with the claimant. The ALJ further stated Dr. Hollister's assessment was internally inconsistent wherein he opined the claimant needed to elevate his legs for seventy-five percent of the workday but could stand and walk (each) for four hours in a workday. However, the ALJ misconstrued Dr. Hollister's opinion with regard to the claimant's need to elevate his legs because Dr. Hollister's statement was expressly limited to the context of sedentary jobs. Moreover, the ALJ failed to address the fact that Dr. Hollister's treating records not only indicated swelling and pain of the right lower extremity that waxed and waned, but also denoted *chronic* low energy, which Dr. Hollister attributed in a May 2012 treatment note to the claimant's obesity, and included multiple notes (including the December 2010 note) that suggested many of the claimant's physical complaints were likely psychologically based. Furthermore, 2013 records from the Regional Health Center Clinic that documented, among other things, a right lower extremity impairment and fatigue; and Dr. John Frenz's 2008 consultative examination report, which documented obesity, swelling of the legs, and discomfort walking on the heels and toes on the right; failed to earn any meaningful consideration by the ALJ with regard to the issue of supportability of Dr. Hollister's medical

source opinions. Finally, the ALJ gave no reasons whatsoever for rejecting Dr. Hollister's opinions regarding the claimant's lifting and postural limitations.[1]

On remand, the ALJ must reconsider the claimant's RFC. Specifically, the ALJ must obtain the assistance of a medical advisor who will consider the entirety of the medical evidence of record and render an assessment (function-by-function) of the claimant's physical RFC. The ALJ must consider all of the medical evidence of record and render a new RFC determination. If necessary, the ALJ must also obtain supplemental vocational expert evidence before making a disability determination. The ALJ may conduct any additional proceedings that are necessary and not inconsistent with this order.

**IT IS, THEREFORE, ORDERED AND ADJUDGED that this case is REVERSED AND REMANDED for further proceedings.**

This, the 27th day of November, 2017.

/s/ Jane M. Virden
U. S. MAGISTRATE JUDGE

---

[1] At least one of the jobs the ALJ determined (at step five) the claimant could perform–kitchen dishwasher and porter (DOT No. 318.687-010)–requires frequent stooping and crouching. Dr. Hollister indicated on his 2012 medical source statement that the claimant's crouching (rarely) limitation was due to his obesity. The ALJ's failure to give any reason for rejecting the treater's opinion with regard to a crouching limitation suggests the ALJ failed to consider the claimant's obesity in crafting the claimant's RFC.